James Charles Bastian, Jr., Special
Counsel, Melissa Lowe, Shulman Hodges
& Bastian LLP, Irvine, CA, for Appellee.

Before: SILVERMAN, TALLMAN,
and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Chapter 7 debtor Barry M. Gould appeals pro se from the judgment of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's grant of summary judgment excepting from discharge Gould's debt to Red Hill Enterprises ("Red Hill"). We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

Summary judgment was proper because the jury's findings in the state court action satisfied the elements for "willful and malicious injury" under 11 U.S.C. § 523(a)(6), and California law precludes relitigation of issues decided in a prior proceeding. *See Diamond v. Kolcum (In re Diamond)*, 285 F.3d 822, 826 (9th Cir. 2002) ("In determining whether a party should be estopped from relitigating an issue decided in a prior state court action, the bankruptcy court must look to that state's law of collateral estoppel."); *Lucido v. Superior Court*, 51 Cal.3d 335, 272 Cal.Rptr. 767, 795 P.2d 1223, 1225 (1990) (setting forth elements of issue preclusion under California law); *see also Ormsby v. First Am. Title Co. of Nev. (In re Ormsby)*, 591 F.3d 1199, 1206–07 (9th Cir. 2010) (setting forth requirements for non-dischargeability under § 523(a)(6)).

Because Gould's debt to Red Hill is non-dischargeable under 11 U.S.C. § 523(a)(6), we need not reach whether the debt is non-dischargeable under 11 U.S.C. § 523(a)(2)(A).

**AFFIRMED.**

Ricardo LOPEZ–ZAMARRIPA,
Petitioner,

v.

Jefferson B. SESSIONS III, Attorney
General, Respondent.

No. 14–74048

United States Court of Appeals,
Ninth Circuit.

---

Submitted September 26, 2017 *

FILED OCTOBER 3, 2017

Philippe Martinet, Martinet Law, Phoenix, AZ, for Petitioner.

Jesse Matthew Bless, Chief Counsel Ice, Anthony Cardozo Payne, Senior Litigation Counsel, DOJ—U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, Washington, DC, for Respondent.

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Ricardo Lopez–Zamarripa, a native and citizen of Mexico, petitions for review of the Board of Immigrations Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

The agency did not err in finding that Lopez–Zamarripa failed to establish membership in a cognizable social group. *See Ramirez–Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016) (concluding "imputed wealthy Americans" returning to Mexi-

co did not constitute a particular social group); *Delgado–Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (concluding "returning Mexicans from the United States" did not constitute a particular social group). Thus, Lopez–Zamarripa's withholding of removal claim fails.

As to his CAT claim, we reject Lopez–Zamarripa's due process contention regarding the BIA's standard of review because he did not show error. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim); *Ridore v. Holder*, 696 F.3d 907, 918–19 (9th Cir. 2012) (the BIA reviews for clear error the IJ's determination of whether an applicant is likely to be subject to torture). Lopez–Zamarripa does not otherwise challenge the agency's denial of CAT. Thus, we deny the petition for review as to his CAT claim.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.